IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| YOLANDA HAYES, | Case No. 3:17-cv-03262-L |
| Plaintiff, | District Judge Sam A. Lindsay |
| | Magistrate Judge David L. Horan |
| v. | |
| NATIONAL CREDIT AUDIT CORP., | |
| Defendant. | |

### NCAC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiff claims that on September 21, 2017, NCAC sent her an email that did not contain three of the five disclosures that the Fair Debt Collection Practices Act required. ECF No. 1 at ¶¶ 26-32 (citing 15 U.S.C. § 1692g(a)(3-5)).

To have standing to sue for a violation of § 1692g(a), a plaintiff must show that the alleged violation "materially threatened his ability to contest an invalid or erroneous debt." *Abercrombie v. Rogers*, No. 15-2214, 2016 U.S. Dist. LEXIS 183620, at \*\*12-13 (W.D. La. November 22, 2016) (following *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)).

This Brief will show that NCAC's alleged failure to make disclosures to Plaintiff under § 1692g(a) never "materially threatened [her] ability to contest an invalid or erroneous debt." To the contrary, NCAC's correspondence to Plaintiff showed her that she owed a valid debt.

The §1692g(a) disclosures are designed to help consumers when a debt collector is trying to collect a debt from the wrong person, or a debt that has already been paid. That is not the situation here: NCAC was trying to collect a debt that Plaintiff owed and had not paid.

NCAC's alleged failure to make the § 1692g(a) disclosures did not cause Plaintiff any harm. Plaintiff therefore lacks standing to sue, and her claims should be dismissed with prejudice.

**STANDARD OF REVIEW**

Where the defendant files a motion to dismiss for lack of jurisdiction and supports that motion with evidence, the motion creates a "factual attack" on jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

In a factual attack on jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413.

To a motion to dismiss for lack of jurisdiction, the district court "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Id*.

District courts should resolve jurisdictional questions ***before*** addressing the merits of the case, keeping in mind that the plaintiff constantly carries the burden of proof to establish that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

**FACTUAL SUMMARY**

1. On November 1, 2016, Plaintiff moved into an apartment at Northwest Crossing in Randallstown, Maryland. Appendix at 1.

2. On May 5, 2017, the landlord's lawyer sent Plaintiff a letter demanding that she vacate the premises due to disruptive conduct, which the letter described. *Id*. at 2-3.

3. Plaintiff vacated the premises without paying May 2017 rent or other charges, which created a debt for $2,791.22. *Id*. at 6, 9, 11-12.

4. On or about July 25, 2017, Northwest Crossing retained NCAC to collect this debt from Plaintiff.

5. On August 2, 2017, NCAC sent Plaintiff a "Notice of Placement" to comply with its five (5) disclosure obligations pursuant to 15 U.S.C. § 1692g(a). *Id*. at 4. The Notice disclosed:

1) the amount of the debt; 2) the name of the creditor; 3) Plaintiff's right to dispute the debt; 4) NCAC's obligation to verify a disputed debt; and 5) Plaintiff's right to obtain the name and address of the original creditor, if different from the current creditor.  Appendix at 4.

6.     Plaintiff contends that she never received NCAC's Notice.  ECF No. 1 at ¶ 21.[1]

7.     On September 21, 2017, NCAC sent Plaintiff an email which asked her to pay the debt and attached a breakdown of the charges that created it.  Appendix at 5-6.[2]

8.     On November 6, 2017, Plaintiff's counsel sent a letter to NCAC which disputed the debt (without saying why) and asked NCAC to verify it.  *Id*. at 7.

9.     On November 13, 2017, NCAC responded to Plaintiff's counsel by sending Plaintiff's lease contract and statement of deposit.  *Id*. at 8-9 (lease contract omitted).

10.    On November 20, 2017, Plaintiff's counsel called NCAC, noted that the statement of deposit in NCAC's November 13, 2017 letter did not break down the charges that Plaintiff incurred before June 1, 2017, and asked NCAC to send a complete accounting of all charges that Plaintiff had incurred.

11.    On November 20, 2017, NCAC responded to Plaintiff's counsel by emailing an Account Ledger that showed all payments and charges between Plaintiff and Northwest Crossing, including the charges that made up Plaintiff's debt.  Appendix at 10-12.

12.    Plaintiff contends that NCAC failed to provide the disclosures required by 15 U.S.C. § 1692g(a)(3-5) and "caused the Plaintiff real harm."  ECF No. 1 at ¶¶ 26-28, 37, 49.

---

[1]    Plaintiff's claim that she did not receive NCAC's Notice does not mean that NCAC violated § 1692g(a), because "§ 1692g(a) only requires the debt collector to "send" written notice of the debt, not that such written notice be "received" by the debtor."  *Johnson v. Atty. Office of Newman*, No. 12-706, 2013 U.S. Dist. LEXIS 179576, at *24 (M.D. La. Dec. 23, 2013) (citations omitted)

[2]    Plaintiff filed NCAC's September 21, 2017 email but did not include the attached breakdown of charges. *See* ECF No. 1-1.  NCAC's Appendix contains the email and the attachment.  Appendix at 5-6.

## ARGUMENT

**A.     Plaintiffs who allege that a Defendant violated a statutory obligation must show that they suffered an "injury in fact" that gives them standing to sue.**

To have standing to sue under Article III of our Constitution, "[t]he plaintiff must have suffered an injury in fact." *Spokeo*, 136 S. Ct. at 1547. An injury in fact must involve "concrete" harm: it must be "'real,' and not 'abstract.'" *Id.* at 1549.

Sometimes, violating a statute is sufficient to show "concrete" harm. *Spokeo* gives two examples. First, the Federal Election Campaign Act requires the Federal Election Commission to provide records of its enforcement actions, and individuals have standing to sue the FEC if it does not provide those records. *Id.* (citing *Federal Election Comm'n v. Akins*, 524 U. S. 11, 20-25 (1998)). Second, the Federal Advisory Committee Act requires the American Bar Association to provide records regarding its review of judicial candidates, and individuals have standing to sue the ABA if it does not provide those records. *Id.* (citing *Public Citizen v. Department of Justice*, 491 U. S. 440, 449 (1989)).

In cases like these, "the violation of a procedural right granted by statute can be sufficient … to constitute injury in fact. In other words, a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Id.* (emphasis in original).

However, violating a statute's procedural requirements "may result in no harm." A plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id*.

In *Spokeo*, the plaintiff had alleged a procedural violation of the Fair Credit Reporting Act. The *Spokeo* Court gave two examples of how violating the FCRA's procedural requirements would not cause "concrete" harm and would not create Article III standing. *Id*. at 1550.

First, a defendant might fail to provide an FCRA-required notice about information that was perfectly accurate (and therefore did not cause any harm). *Spokeo*, 127 S. Ct. at 1550. Second, a defendant might provide someone with an incorrect zip code about a consumer, which in and of itself would probably not "work any concrete harm." *Id*.

NCAC respectfully submits that the statute under which Plaintiff's claims arise – the FDCPA's disclosure provision at 15 U.S.C. § 1692g(a) – is not like the statutes in *Akins* and *Private Citizen*, in which the very existence of a violation implied concrete harm. Rather, the FDCPA is like the FCRA: a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id*. at 1549.

NCAC therefore asks this Court to consider: whether § 1692g(a) is a procedural statute that requires a plaintiff to show both a violation *and* "concrete" harm; and if it is, whether NCAC's alleged violation of § 1692g(a) caused Plaintiff any "concrete" harm.

**2.   15 U.S.C. § 1692g(a) is a procedural statute: plaintiffs who allege a § 1692g(a) violation must also show that they suffered concrete harm.**

Several federal district courts have ruled that a debt collector's obligation to make disclosures under § 1692g(a) is a procedural obligation which does not, in and of itself, create standing to sue for a violation.

In *Jackson v. Abendroth & Russell, P.C.*, 207 F. Supp. 3d 945 (S.D. Iowa 2016), a plaintiff alleged that the defendant debt collector sent him a letter that did not contain the disclosures that 15 U.S.C. § 1692g(a) requires. Specifically, he alleged that the defendant's letter did not adequately disclose his right to dispute the debt (§ 1692g(a)(3)) and never disclosed his right to ask for the name of the original creditor (§ 1692g(a)(5)). *Id*. at 953.

The plaintiff in *Jackson* did not allege that the debt collector had asked him to pay a debt that he did not owe and could have disputed (*i.e.*, the letter correctly identified the sum of money that he owed and the creditor to whom he owed it). *Jackson*. 207 F. Supp. 3d at 954.

The defendant moved to dismiss, on the grounds that the plaintiff had failed to allege that the allegedly insufficient disclosures caused him "concrete harm" under *Spokeo*. The district court granted the motion to dismiss, because "Jackson's alleged statutory violations did not create the risk of real harm." *Id*.

The court reached this conclusion after following *Spokeo* and finding that a failure to receive disclosures under § 1692g(a) is less like an inability to obtain agency records under *Akins* and *Public Citizen*, and more like a "bare procedural violation" of the FCRA. *Id.* at 956-960.

The *Jackson* court found that the purpose of the § 1692g(a) disclosures is to provide consumers with the information they need to determine if the debt that is being collected, is a debt that they actually owe. *Id*. at 954. The § 1692g(a) disclosures exist to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Id*. at 954, 959 (citing S. Rep. No. 95-382, at 4, as reprinted in 1977 U.S.C.C.A.N. 1695, 1699).

The *Jackson* court did not think that the plaintiff before it – who had not claimed and could not claim that the defendant was trying to collect a debt from the wrong person, or a debt that had already been paid – had been harmed. It therefore concluded that:

> Violations of the FDCPA disclosure requirements in section 1692g may result in concrete injuries. However, Jackson alleges no such injury. Instead, his only alleged injury is that A&R did not make the correct disclosures mandated by section 1692g. Such a bare procedural violation alone does not constitute an intangible harm that satisfies the injury-in-fact requirement.

*Jackson*, 207 F. Supp. 3d at 961.

Other district courts have also granted motions to dismiss claims under § 1692g(a) for failure to establish a "concrete" injury. In *Perry v. Columbia Recovery Grp. LLC*, No. C16-0191JLR, 2016 U.S. Dist. LEXIS 145093, at *3 (W.D. Wash. Oct. 19, 2016), the plaintiff alleged that when a debt collector tried to collect a debt for an apartment complex where he had lived, it sent him a letter that violated the FDCPA at § 1692g(a)(3).

The plaintiff in *Perry* alleged that the defendant's letter failed to adequately disclose his right to dispute the debt. *Id*. at *3.   However, the plaintiff did not allege that the letter confused him, or that he disputed the debt that the collector was trying to get him to pay. *Id*. at *4.

The defendant moved to dismiss these claims for lack of standing.  To decide the motion, *Perry* reviewed *Spokeo* and other cases, including *Jackson*, on whether a violation of § 1692g(a) can, in and of itself, create "concrete" harm and provide standing to sue. *Id.* at **10-25.

The *Perry* court granted the defendant's motion to dismiss, concluding that "the bare procedural violations of sections 1692g(a) and (b) of the FDCPA alleged by Mr. Perry do not amount to a concrete injury."  *Id*. at *25-27; *see also* *27 n. 4 (noting that the Eleventh Circuit reached a different conclusion in *Church v. Accretive Health, Inc*., 654 Fed. Appx. 990, 995 (11th Cir. 2016) but declining to follow it).

Finally, a district court in this Circuit followed *Jackson* and *Perry* and concluded that a plaintiff who alleges a violation of the FDCPA at § 1692g(a) must also show that the violation caused him "concrete" harm. *Abercrombie v. Rogers*, No. 15-2214, 2016 U.S. Dist. LEXIS 183620 (W.D. La. Nov. 22, 2016) (magistrate's recommendation, adopted at 2017 U.S. Dist. LEXIS 17239 (W.D. La. Feb. 5, 2017).

The *Abercrombie* court ruled that "a bare violation of any of the FDCPA's procedural disclosure requirements does not automatically equate to a finding that the consumer was an actual or potential victim of debt collector abuse. Rather, plaintiff must allege additional facts to show that [defendant's] alleged informational transgressions materially threatened his ability to contest an invalid or erroneous debt." *Abercrombie*, 2016 U.S. Dist. LEXIS 183620 at *13; *see also id*. at * 13 n. 4 (declining to follow the Eleventh Circuit's contrary decision in *Church*, and citing cases, including *Perry*, which likewise declined to follow *Church*).

In summary, district courts in the Fifth, Eighth, and Ninth Circuits have concluded that to have standing to sue for an alleged violation of the FDCPA at § 1692g(a), the plaintiff must show that the defendant's violation prevented him from disputing an erroneous debt or caused him some other "concrete" harm. The Eleventh Circuit has ruled otherwise, but that ruling has been widely criticized. *Id*. at *13 n.4.

NCAC respectfully submits that this Court should follow the decisions in *Jackson*, *Perry*, and *Abercrombie* and rule that to have standing to sue, Plaintiff must show that NCAC's alleged failure to make the disclosures required by 15 U.S.C. § 1692g(a) caused her "concrete" harm.

**3. Plaintiff has not alleged that NCAC's alleged violation of § 1692g(a) caused her concrete harm, so her Complaint should be dismissed.**

Plaintiff's Complaint alleges that "the Defendant caused the Plaintiff real harm." ECF No. 1 at ¶ 37. But the Complaint offers no details.

For example, the Complaint does not allege that NCAC was trying to collect a debt from the wrong person, or a debt that had already been paid.

Likewise, the Complaint does not claim that NCAC violated § 1692g(a)(1) or § 1692g(a)(2): the Complaint does not allege that NCAC's letter failed to state the correct sum of the debt, or the correct name of the creditor. *Id*. at ¶¶ 14-15, 21-25.

Plaintiff only claims that she was "unsure" or "unaware" of her rights to dispute the debt, seek validation of the debt, and seek the name and address of the original creditor. *Id*. at ¶¶ 26-32 (citing 15 U.S.C. § 1692g(a)(3-5)).

Under *Jackson*, *Perry*, and *Abercrombie*, these are "bare procedural violations": to have Article III standing to sue, Plaintiff must also allege that NCAC's alleged failure to make these three disclosures prevented her from disputing an erroneous debt.

Because Plaintiff's Complaint does not allege that NCAC's alleged violation of § 1692g(a) prevented her from disputing an erroneous debt, her Complaint should be dismissed.

**4.     Plaintiff cannot allege that NCAC's alleged violation of § 1692g(a) caused her concrete harm, so her Complaint should be dismissed with prejudice.**

Plaintiff's claims against NCAC should be dismissed with prejudice and without leave to amend. NCAC never caused Plaintiff "concrete" harm, and she will never be able to establish standing to sue.

The Appendix to this motion to dismiss – which this Court can consider in the context of NCAC's factual attack on jurisdiction – shows that NCAC's September 21, 2017 email told Plaintiff who the creditor was, what the debt was, and why she owed the debt. Appendix at 5-6. Moreover, NCAC's email attached documents to verify the debt pursuant to § 1692g(a)(4), even though Plaintiff had not yet disputed it. *Id*. at 6.

NCAC's email showed Plaintiff that NCAC was not "dunning the wrong person or attempting to collect debts which [she had] already paid." *Jackson*, 207 F. Supp. 3d at 954, 959.

NCAC's email also shows that Plaintiff "had no grounds to dispute or challenge the validity of his debt." *Id*. Specifically:

- Even if NCAC failed to disclose that Plaintiff had the right to dispute the debt under § 1692g(a)(3), that did not harm her, because she owed the debt and had no basis to dispute it;

- Even if NCAC failed to disclose that NCAC had to verify disputed debts under § 1692g(a)(4), that did not harm her, because NCAC's email attached documents to verify the debt *before* Plaintiff disputed it (Ex. 1 at 6); and

- Even if NCAC failed to disclose that Plaintiff could ask for the name and address of the original creditor under § 1692g(a)(5), that did not harm her, because NCAC provided the name of the original creditor. *Compare* Appendix at 1 (move-in letter from "Northwest Crossing") *with* Appendix at 5 (debt collection email referring to "Northwest Crossing").

Moreover, Plaintiff eventually disputed the debt through counsel. Appendix at 7, 10. This also shows that Plaintiff was not harmed by NCAC's alleged violation of § 1692g(a): if NCAC's responses to that dispute had been insufficient, she and her counsel would have alleged that Plaintiff did not owe the debt that NCAC is trying to collect. They have not done so.

## CONCLUSION

To have standing to sue NCAC for violating the FDCPA at 15 U.S.C. § 1692g(a), Plaintiff must show that NCAC caused her "concrete" harm.

Plaintiff 's Complaint does not allege any "concrete" harm, and NCAC's Appendix shows that she has not suffered any "concrete" harm. Her claims should be dismissed with prejudice.

/s/ Jason A. Spak
Jason A. Spak (PA Bar No. 89077)
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, PA 19103
T: (412) 230-8555
F: (412) 774-2382
E: jason.spak@fisherbroyles.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on January 12, 2018, I filed a true and correct copy of the foregoing BRIEF IN SUPPORT OF MOTION TO DISMISS with the Court's ECF system, which will make service upon Plaintiff by her counsel of record, namely:

Yitzchak Zelman, Esquire
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
yzelman@marcuszelman.com
*Counsel for Plaintiff*

                                                  /s/ Jason A. Spak
                                                  Jason A. Spak
                                                  *Counsel for Defendant*